## Wireman's Adm'rs v. Miller et al.

(Decided Dec. 6, 1932.)

J. B. HOWARD and W. R. PRATER for appellants.
ARNETT & ALLEN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

In a suit against the appellants as administrators of the estate of George Wireman, deceased, the master commissioner, to whom the matter of settlement had been referred, filed his report at the October term, 1923, showing a balance of $906.29 in their hands.

The record shows that at the April term, 1925, the suit was dismissed on motion of the plaintiffs. Without the case being redocketed, an order was entered at the September term, 1930, confirming the commissioner's report, and the administrators were directed to pay into the hands of the commissioner the sum reported due by them. This action of the court seems to have been regarded as invalid, for at the January term, 1931, the case was redocketed, and the commissioner's report made seven years before was confirmed. The order recites that one of the parties and their attorney were present, and no objection or exception was made. At the same term the appellants were directed to pay over the sum of $906.29, with interest, to the master commissioner. A rule was awarded against them.

During vacation they filed an answer to the rule in which it was alleged in substance that the settlement made in 1923 with the commissioner and reported by him was a partial settlement of the estate; that there were then pending certain suits in which the administrators were interested; and that since that time they had paid out and distributed $604.53, for which they were entitled to credit. They averred that, when the matter of confirmation was taken up at the next preceding term of court, they had presented proper vouchers to the master commissioner, who had referred them

to the judge, and that the judge had delivered those vouchers to counsel for opposing parties, who had examined them and made no objection; that they, the administrators, understood when the order of confirmation was made that they would be given credit for those subsequent distributions, and they prayed for proper relief in the matter. A reply brought about the issue.

One of the administrators testified to facts which support the allegations of their answer. There is copied in the record before us a number of paid and canceled checks of the administrators, all dated subsequent to the commissioner's report. They aggregate over $900, and on their face appear to have been disbursements of money in their hands as administrators. Notwithstanding the absence of any contradiction in the evidence, the court made the rule against the administrators absolute. From that order this appeal is brought.

The commissioner's report was based upon a partial settlement, and only showed that on the date named these administrators had $906.29 in their hands. The order of confirmation was, quite obviously, retroactive, and simply confirmed the fact reported by the commissioner. It could not be regarded as having the effect of adjudging that sum to be due by the administrators seven years later. It seems to us that the court should have regarded the pleadings and evidence sufficient to warrant a re-reference of the case to the commissioner for a final or supplemental settlement, and therefore that the rule against them should have been dismissed.

Wherefore the judgment is reversed and remanded for consistent proceedings.